# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MORALES FREDDY,

       Plaintiff,

  v.

CORDONIA, et al.,

       Defendants.

Case No. 1:14-cv-01007 DLB

ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANT MADERA COUNTY JAIL

Plaintiff Morales Freddy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 27, 2014. He names Correctional Guard Cordonia and the Madera County Jail as Defendants.[1]

On December 2, 2014, the Court screened Plaintiff's complaint and ordered him to either file an amended complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

On December 11, 2014, Plaintiff notified the Court that he did not want to file an amended complaint and wished to proceed only on his cognizable claims.[2]

**A.**   <u>**SCREENING STANDARD**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 14, 2014.
[2] Plaintiff will be instructed on service by separate order.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Institution. The events at issue occurred while he was housed at the Madera County Jail.

2

Plaintiff alleges that on November 14, 2012, Defendant Cordonia was passing out lunch bags at 4:30 a.m. Defendant Cordonia opened Plaintiff's tray slot. Plaintiff walked over, placed his right arm out and held the lock. Plaintiff asked if he could "ask to Sgt." ECF No. 1, at 3. Defendant Cordonia said no, and told Plaintiff to release the lock. Plaintiff told him that he wanted to talk to Mental Health and Defendant Cordonia said, "Fuck, no." ECF No. 1, at 4. Defendant Cordonia then kicked Plaintiff's right hand two to three times.

Plaintiff then switched to his left hand. Defendant Cordonia kicked Plaintiff's palm and sprayed him with mace. Plaintiff asked to be decontaminated, and Defendant Cordonia told him to use the toilet bowl water. Plaintiff told him that the water in his cell was off and the toilet bowl had urine in it. Defendant Cordonia said, "oh well," and walked away. ECF No. 1, at 4.

Plaintiff did not get to wash off the mace until the next day.

Plaintiff seeks monetary relief for his pain and suffering.

C.  **DISCUSSION**

   1.   Madera County Jail

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Dept. Soc. Servs., 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit

3

the constitutional violation." Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff names the Madera County Jail, he makes no allegations that would sustain liability under Monell.  He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Madera County.  He also fails to allege that any omission on the part of Madera County caused an employee to commit a constitutional violation.

Plaintiff therefore fails to state a claim against the Madera County Jail.

2.    Use of Excessive Force

As an initial matter, it is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the events in question.  The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989).  It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

4

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. <u>Lolli</u>, 351 F.3d at 415. The inquiry is whether Defendant's actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. <u>Id</u>. (citing <u>Graham</u>, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. <u>Id</u>. (citing <u>Graham</u>, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendant or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. See <u>Gibson</u>, 290 F.3d at 1198 (citation omitted).

Under either standard, Plaintiff states a claim for excessive force against Defendant Cordonia.

### 3. Denial of Medical Care

Again, it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events at issue. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. <u>Simmons</u>, 609 F.3d at 1017-18; <u>Clouthier</u>, 591 F.3d at 1242; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). Therefore, the analysis is the same regardless of Plaintiff's status.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Under either standard, Plaintiff states a claim for denial of medical care against Defendant Cordonia.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint states an excessive force claim and a denial of medical care under the Eighth Amendment against Defendant Cordonia. It does not state any other claims and Defendant Madera County Jail is DISMISSED from this action.

IT IS SO ORDERED.

Dated:   **December 15, 2014**           /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE

6