# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FREDDY MORALES,<br><br>       Plaintiff,<br><br>   vs.<br><br>CORDONIA,<br><br>       Defendant. | ) 1:14cv01007 DLB PC<br>)<br>)<br>) ORDER PROVIDING DEFENDANT<br>) CORDONIA WITH THE OPPORTUNITY<br>) TO SHOW GOOD CAUSE FOR FAILING<br>) TO WAIVE SERVICE<br>)<br>)  (Document 17)<br>) |

Plaintiff Freddy Morales ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on June 27, 2014.

On February 2, 2015, the Court ordered the United States Marshal to serve process upon Defendant Cordonia.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant.  If a waiver of service was not returned by a Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On June 17, 2015, the United States Marshal filed a return of service with a USM-285 form showing charges of $91.88 for effecting personal service on Defendant Cordonia. ECF No. 17. 55. The form shows that a waiver of service form was mailed to Defendant on February 5, 2015.

Pursuant to the Court's order, Defendant is required to return the waiver to the United States Marshal and the filing of an answer or a motion does not relieve them of this obligation. Defendant Ross did not return a waiver, which resulted in the execution of personal service on June 2, 2015.

Defendant Cordonia filed his answer on June 22, 2015.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant was given the opportunity required by Rule 4(d)(1) to waive service, but he failed to return his waiver to the United States Marshal, although he did make an appearance in the action. The Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Cordonia may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Cordonia the costs incurred in effecting service.

IT IS SO ORDERED.

   Dated:  **June 22, 2015**                       /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE