UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY MORALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORDONIA,<br><br>　　　　Defendant. | Case No.: 1:14cv01007 DLB (PC)<br><br>ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Document 30) |

Plaintiff Freddy Morales ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 27, 2014. The action proceeds against Defendant Condoian[1] ("Defendant") for the use of excessive force and denial of medical care in violation of the Eighth Amendment.[2]

On January 19, 2016, Defendant filed the instant motion for summary judgment based on failure to exhaust. Alternatively, Defendant argues that he is entitled to qualified immunity.[3] Plaintiff did not oppose the motion. Therefore, on March 18, 2016, the Court ordered Plaintiff to file an

---

[1] Plaintiff incorrectly named Defendant as "Cordonia."

[2] The parties have consented to the jurisdiction of the United States Magistrate Judge.

[3] Defendant's motion included the required notices.

1

opposition within thirty (30) days.  The Court also warned Plaintiff that if he did not file an opposition, the motion would be decided without his input.

Over thirty (30) days have passed and Plaintiff has not filed an opposition or otherwise contacted the Court.[4]  The motion is ready for decision pursuant to Local Rule 230(l).

A.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on November 14, 2012, Defendant was passing out lunch bags at 4:30 a.m.  Defendant opened Plaintiff's tray slot.  Plaintiff walked over, placed his right arm out and held the lock.  Plaintiff asked if he could "ask to Sgt." ECF No. 1, at 3.  Defendant said no, and told Plaintiff to release the lock.  Plaintiff told him that he wanted to talk to Mental Health and Defendant said, "Fuck, no." ECF No. 1, at 4.  Defendant then kicked Plaintiff's right hand two to three times.

Plaintiff switched to his left hand.  Defendant kicked Plaintiff's palm and sprayed him with mace.  Plaintiff asked to be decontaminated, and Defendant told him to use the toilet bowl water.  Plaintiff told him that the water in his cell was off and the toilet bowl had urine in it.  Defendant said, "oh well," and walked away.  ECF No. 1, at 4.

Plaintiff did not get to wash off the mace until the next day.

B.  **SUMMARY JUDGMENT STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If Defendant carries his burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is

---

[4] Plaintiff's last contact with the Court was his August 20, 2015, notice of change of address.  The motion for summary judgment and the Court's March 18, 2016, order were served at Plaintiff's current address.

2

something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

C.     **APPEALS PROCESS**

The Prison Litigation Reform Act ("PLRA") mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983. Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). An inmate is required to exhaust only available remedies. Booth v. Churner, 532 U.S. 731, 736 (2001); Brown v. Valoff, 422 F.3d 926, 936–37 (9th Cir.2005). To be available, a remedy must be available "as a practical matter"; it must be "capable of use; at hand." Id. at 937 (quoting Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002)).

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. Pursuant to Section 1073, the Madera County Department of Corrections ("MCDOC") Inmate Grievance policy involves four steps. Romero Decl. ¶ 2, Ex. 6. Inmates are told that they should exhaust all administrative remedies prior to filing an action with the courts. Romero Decl. ¶ 2, Ex. 6.

The inmate is first required to verbally notify the officer of the grievance, and the officer will handle it immediately if an immediate resolution exists. If the inmate chooses to submit a written grievance, the inmate must complete the appeal form and submit it to the officer. Upon receipt of the appeal, the officer will attempt to settle the matter and give the inmate a written response, providing the inmate with a pink copy of the appeal form as a receipt. Romero Decl. ¶ 2, Ex. 6. If the inmate rejects the decision, or the officer cannot make a decision at that level, the grievance is forwarded to

jail services for recording and given a tracking number. The grievance is then considered by the appropriate supervisor. Romero Decl. ¶ 2, Ex. 6.

At the second step, the supervisor will attempt to remedy the issue and provide a written response. Romero Decl. ¶ 2, Ex. 6. The inmate can accept the decision or appeal to the operations commander. If the supervisor cannot make a decision, the appeal is forwarded to the operations commander. Romero Decl. ¶ 2, Ex. 6.

At the third step, the operations commander will respond to the grievance. The written response from the operations commander is the final decision of the MCDOC. Romero Decl. ¶ 2, Ex. 6.

Finally, a decision may be modified at the "grievance appeal" level. If an inmate is not satisfied with the results, the inmate can file a petition for writ of habeas corpus. Romero Decl. ¶ 2, Ex. 6.

## D. UNDISPUTED FACTS[5]

There was an inmate grievance procedure in place at the Madera County Jail at the time of Plaintiff's incarceration. Romero Decl. ¶ 2, Ex. 6; Condoian Decl. ¶ 13.

Plaintiff filed numerous grievances from November 22, 2013, through October 2013. Of these seven grievances, no grievance specifically relates to the events of November 14, 2015. Romero Decl. ¶ 3, Ex. 7.1-7.7. Two of these grievances, however, reference a November 15, 2012, appeal that Plaintiff contends he filed about the incident.

In Plaintiff's September 15, 2013, grievance, he states that he was assaulted by Defendant on November 13, 2012,[6] and filed a grievance on November 15, 2012. He states that he never received a

---

[5] Plaintiff did not oppose this motion, and therefore did not admit or deny the facts set forth by Defendant as undisputed. Local Rule 56-260(b). Therefore, the Court was left to compile the summary of undisputed facts from Defendant's statement of undisputed facts and Plaintiff's verified complaint. A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e).

[6] Plaintiff incorrectly states that the incident occurred on November 13, 2012, on both the September 15 and September 25, 2013, grievances. According to Plaintiff's complaint and Defendant's exhibits, the date of the incident was November 14, 2012.

4

response and requests a copy of the grievance "for legal purposes." On October 4, 2013, Defendant responded at the officer level, stating that he never received a grievance regarding this incident. At the supervisor level of review, a supervisor indicated, "I find no record of the grievance. Please resubmit if you feel it is necessary." Romero Decl., Ex. 7.5; ECF No. 1, at 18.

On September 25, 2013, Plaintiff filed another grievance referencing the incident and a November 15, 2012, grievance. He states that he was assaulted by Defendant on November 13, 2012, and filed a grievance on November 15, 2012, but never received a response. Plaintiff further explains that he submitted a grievance on September 15, 2013, asking for copies of the grievance, but did not receive a response. Plaintiff asks for copies of both grievances for legal purposes. A signature indicates that the appeal was received on September 25, 2013, and the box "Unable to respond" is checked. There are no further responses on the appeal. Romero Decl., Ex. 7.6; ECF No. 1, at 15.

In his complaint, Plaintiff states that he submitted an appeal, but that it was never answered. ECF No. 1, at 2. He states that he then asked for a copy of the grievance, but was told "they never received it." ECF No. 1, at 2.

Defendant does not recall Plaintiff telling him that he wanted to file a grievance about the incident, nor does he recall Plaintiff giving him a grievance form about the incident. Condoian Decl. ¶ 13.

**E.     DISCUSSION**

It is undisputed the MCDOC does not have a record of an appeal related to the incident at issue. Defendant has therefore carried his burden of showing that there was an available administrative remedy, and the burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

In his September 2013 appeals, Plaintiff contends that he was assaulted by Defendant on November 13, 2012, and filed "a grievance" on November 15, 2012, but never received a response. In his verified complaint, Plaintiff repeats his assertion that he never received a response, and states that he was told that the appeal was never received.

The parties therefore dispute whether Plaintiff filed a grievance in the first instance. However, even if Plaintiff filed a grievance and did not receive a response, the PLRA requires "proper exhaustion" of administrative remedies, and a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective grievance. Woodford v. Ngo, 548 U.S. 81, 90-93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Williams v. Paramo, 775 F.3d 1182, 1192 (9th Cir.2015). To meet this standard, prisoners must comply "with an agency's deadlines and other critical procedural rules" as a precondition to bringing suit in federal court. Id. at 90. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ]-rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (quoting Woodford, 548 U.S. at 88).

Plaintiff's deposition testimony clarifies his attempts at exhaustion, and shows that he did not properly exhaust his appeal. As explained above, the MCDOC procedure requires that an inmate first verbally notify an officer of the grievance. If the inmate decides to file a written grievance, he must give the grievance to the officer.

Plaintiff testified that he went to the podium and asked for a grievance form on the morning of the incident. Pl.'s Dep. 59:24-25, 61:14-15. Officer Rossette gave him one, which Plaintiff filled out and turned in. Pl.'s Dep. 59:24-60:3. Plaintiff thinks he gave the appeal to "one of the inmates," though he is not completely sure. Pl.'s Dep. 63:19-21. He gave it to an inmate because he was on lockdown and could not come out of his cell. Pl.'s Dep. 64:7-8. When asked if he could have passed it through a slot to someone, Plaintiff said that he didn't know, but that he "could have maybe." Pl.'s Dep. 64:9-13. Plaintiff testified that he gave it to the inmate "to take to him. . . ," and that since his cell was in front of the podium, he could "watch the inmate give it to him." Pl.'s Dep. 64:11-13, 65:17-18. Plaintiff could not remember if he watched the inmate. Pl.'s Dep. 65:20-21. Plaintiff did not follow up on the September 2013 grievances because he was transferred in October, and believed that the grievances were rendered moot. Pl.'s Dep. 79:13-80:18.

Therefore, viewing the evidence in the light most favorable to Plaintiff, his own testimony shows that he failed to follow the proper procedure. Rather than verbally notify the officer of the appeal and then give the written grievance to the officer, Plaintiff obtained a grievance form and gave it to an inmate. Although he said he could watch the inmate give it to "him," he could not remember if he watched.

The Court also notes that on October 4, 2013, in response to his September 15, 2013, Plaintiff was told to resubmit the November 15, 2012, grievance if he felt it was necessary. Plaintiff did not do so.

Plaintiff is therefore unable to satisfy the exhaustion requirement because he did not follow the MCDOC's rules for submitting a grievance, and he has failed to carry his burden of demonstrating that administrative remedies were effectively unavailable.[7]

**F.      ORDER**

Based on the above, Defendant's motion for summary judgment is GRANTED. This action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.

IT IS SO ORDERED.

Dated:   **June 1, 2016**                                **/s/ Sandra M. Snyder**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[7] As the Court has determined that Plaintiff's claims are unexhausted, it will not reach Defendant's qualified immunity argument.

7